United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-10197
_____

CHARLES D. HIGGINBOTHAM,

                                        Plaintiff - Appellant,

                       versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

Before JOLLY, DAVIS, and CLEMENT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Today we decide a question of only narrow interest but of significance to some Social Security appeals: Whether, in reviewing the denial of supplemental security income ("SSI") benefits, the courts should consider evidence that the claimant did not present to the Administrative Law Judge ("ALJ"), but submitted for the first time to the Appeals Council, which accepted and considered the evidence but denied review of the ALJ decision. The Commissioner of Social Security argues that it should not be considered because it is not part of the Commissioner's "final decision."

Specifically, Charles D. Higginbotham, the claimant and appellant, argues, however, that the district court, in affirming the Commissioner's denial of benefits, erred in failing to consider a statement made by his treating physician, which he presented for the first time before the Appeals Council. To answer this question, we must determine what constitutes the Social Security Commissioner's "final decision." This is a close and confusing question to resolve because neither the statute nor the regulations are clear. After our study of the relevant statutory provisions and regulations, however, we conclude that the Commissioner's "final decision" includes the Appeals Council's denial of Higginbotham's request for review. We therefore remand to the district court for consideration of the entire record on appeal, including the new evidence submitted by Higginbotham for the first time to the Appeals Council.

I

Higginbotham applied for SSI benefits in 1999, claiming that he had most recently worked in 1994 and that mixed bipolar disorder rendered him totally disabled. In 2000, the Social Security Administration denied Higginbotham's application. Higginbotham then requested, and was granted, a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied Higginbotham's claim for benefits because Higginbotham could not sustain a claim of total disability. Specifically, the ALJ held that Higginbotham had no "exertional limitations," but that he did have "non-exertional

2

limitations" that restricted him to jobs requiring only short, simple instructions and limited interaction with other people.

Higginbotham timely filed a request for review by the Appeals Council. While his request was pending, Higginbotham, in accordance with applicable regulations, submitted a medical source statement completed by Chandrakant Patel, M.D. ("Dr. Patel"), his treating physician. That statement included Dr. Patel's evaluation of Higginbotham's "mental abilities critical for performing unskilled work." Dr. Patel concluded that Higginbotham suffered from a complete loss of ability to perform regular employment activity. In a letter dated August 30, 2001, the Appeals Council denied Higginbotham's request for review, noting that although it had considered Dr. Patel's statement, the additional evidence did not provide a basis for reversing the ALJ's decision.

Next, Higginbotham filed a complaint in the United States District Court for the Northern District of Texas, seeking review of the Commissioner's denial of SSI benefits. Then, in October 2003, the magistrate judge recommended that the Commissioner's decision be reversed. Judge McBryde, however, rejected the magistrate judge's recommendation, specifically declining to consider the new evidence submitted to the Appeals Council, and affirmed the Commissioner's denial of SSI benefits. Higginbotham then filed this appeal.

II

3

Our review of the Commissioner's denial of SSI benefits is limited to considering whether the decision is supported by substantial evidence in the record and whether the proper legal standards were applied.[1]  See Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).  A reviewing court may not, however, examine only the evidence favorable to the Commissioner; it must also examine contrary evidence.  See Randall v. Sullivan, 956 F.2d 105, 109 (5th Cir. 1992).

The precise issue raised by this appeal is whether the district court should have reviewed and considered the evidence that Higginbotham submitted to the Appeals Council but failed to present to the ALJ.  The Social Security Act provides that courts may review the "final decision" of the Commissioner.  42 U.S.C. § 405(g).   The Act does not expressly define the term "final decision"; instead, it leaves that question to be answered by regulations.  Sims v. Apfel, 530 U.S. 103, 105 (2000).  In this respect, however, the regulations are anything but clear.  They provide only that "[t]he Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless [the claimant] file[s] an action in

---

[1] Higginbotham also argues that the Appeals Council failed to apply proper legal standards when it failed to explain its weighing of Dr. Patel's statement, pursuant to the factors set forth in 20 C.F.R. § 416.927(d)(2).  It appears that the requirement of a detailed discussion of additional evidence was suspended by a memorandum from the Executive Director of Appellate Operations dated July 20, 1995.

4

Federal district court." 20 C.F.R. §§ 404.981, 416.1481. In interpreting these regulations, some courts have held that the ALJ decision alone is the final decision of the Commissioner, and other courts have held that the final decision includes the Appeals Council's denial of a request for review.

Thus, in interpreting the Social Security Act and the applicable regulations, if we determine that the final decision encompasses the Appeals Council's denial of review, then we must conclude that the district court erred in failing to consider the new evidence. If we determine that a final decision does not include the denial of the request for review, then we must hold that the district court did not err in declining to consider and address Dr. Patel's statement.

III

The question whether the denial of review by the Appeals Council constitutes part of the Commissioner's "final decision," and consequently whether the new evidence should be considered by the district court on appeal, has split the circuits. Until today we had not decided this question. See Masterson v. Barnhart, 309 F.3d 267, 274 n.3 (5th Cir. 2002). The Commissioner advocates the position adopted by the Third, Sixth, Seventh, and Eleventh Circuits, which have decided that when the Appeals Council denies a claimant's request for review, the "final decision" to be reviewed by a district court on appeal is only the actual decision

5

of the ALJ.[2]  They conclude that because the Commissioner's "final decision" is that of the ALJ, the propriety of that decision depends only on the record that was actually before the ALJ.

On the other hand, Higginbotham urges us to adopt the position taken by the Second, Fourth, Eighth, Ninth, and Tenth Circuits, all of which have held that evidence submitted for the first time before the Appeals Council should be considered by the district court because the Appeals Council's denial of the request for review is part of the "final decision."[3]

These courts based their decisions on the following reasons. First, 20 C.F.R. § 404.970(b) permits, if not invites, the claimant to submit new evidence to the Appeals Council.  Excluding such evidence on review might undermine the purpose of this regulation, which provides a claimant a final chance to demonstrate disability before the Commissioner's decision is final.  O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).  Second, these courts interpret the regulations' requirement that the Appeals Council "evaluate the entire record including the new and material evidence submitted" to mean that the new evidence is made part of the record even if the

_____

[2] See Matthews v. Apfel, 239 F.3d 589, 593-94 (3d Cir. 2001); Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993); Eads v. Sec'y of Dep't of Health & Human Servs., 983 F.2d 815, 817-18 (7th Cir. 1993).

[3] See Perez v. Chater, 77 F.3d 41, 44-45 (2d Cir. 1996); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); Wilkins v. Sec'y, Dept. of Health Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

6

Appeals Council denies the request for review. Id. (quoting 20 C.F.R. § 404.970(b)). Third, these courts have reasoned that the final decision includes the denial of the request for review because the Commissioner's final decision, whether it is the ALJ's ruling or that of the Appeals Council on review, is not final until the Appeals Council either denies review or issues its own ruling. Id. "Therefore, when the Appeals Council denies review after considering new evidence, the [Commissioner's] final decision 'necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence.'" Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996) (quoting O'Dell, 44 F.3d at 859).

IV

When we weigh the competing arguments interpreting the applicable regulations, we are persuaded that the Commissioner's final decision includes the Appeals Council's denial of a request for review.

It is true that the courts generally agree that when the Appeals Council denies a request for review, the ALJ's decision becomes the Commissioner's final decision. See Sims, 530 U.S. at 107 (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, and 422.210(a)). This conclusion, however, does not resolve the questions of what is encompassed within the "final decision" and what record is reviewable on appeal. We note, for example, that the regulations provide little clear guidance as to the substance

7

of the record to be reviewed by the district court and as to whether the final decision incorporates the Appeals Council's denial of a request for review. The applicable regulations, 20 C.F.R. §§ 404.981 and 404.955(a)-(b), only state that the ALJ's decision becomes "binding" when the Appeals Council denies review and the claimant fails to seek judicial review. These provisions do not expressly state that the ALJ's decision alone is the "final decision". Nor do they state that reviewing courts must consider only evidence that was before the ALJ.

Furthermore, 20 C.F.R. § 416.1400 makes it clear that the Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review. 20 C.F.R. § 416.1400(a)(5) advises claimants that "[w]hen you have completed the steps of the administrative review process ... we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." (Emphasis supplied.) The steps of the administrative review process include the initial determination, reconsideration, the hearing before an ALJ, and a request for review by the Appeals Council. Id. at (a)(1)-(a)(4) (emphasis supplied). Thus, the regulations plainly, if implicitly, include the denial of review by the Appeals Council as part of the Commissioner's final decision. Furthermore, the regulations require a claimant to request review by the Appeals Council before seeking judicial review in district court. This is

8

another reason for including the Appeals Council's denial of a request for review as a component of the Commissioner's final decision.  Therefore, we think that under the Commissioner's own regulations, the Commissioner's final decision necessarily includes an Appeals Council's denial of a claimant's request for review.

It follows that the record before the Appeals Council constitutes part of the record upon which the final decision is based.  The statute itself speaks to this point: When a claimant seeks court review of the Commissioner's decision, the Commissioner "shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  42 U.S.C. § 405(g).  Higginbotham complains of the Commissioner's denial of benefits.  That denial, as we have said above, includes the Appeals Council's denial of his request for review and was based in part on the new evidence Higginbotham submitted to the Appeals Council.  The regulations further clarify that the new evidence before the Appeals Council was such evidence upon which the denial of benefits was based by requiring the Appeals Council to "evaluate the entire record including the new and material evidence submitted[.]"  20 C.F.R. § 404.970(b).  Still further, in this case, the Appeals Council noted in its letter denying Higginbotham's request for review that it had considered Dr. Patel's statement, in denying review of his claim.

V

9

In sum, the statute provides that a claimant may obtain review of "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). Because the statute does not define "final decision of the Commissioner of Social Security", we must look to the regulations. The regulations do not explicitly define the term. We extrapolate from the words of the regulation, however, that "final decision of the Commissioner of Social Security" includes the Appeals Council's denial of a request for review because the regulations provide that the Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review. We further conclude that the evidence submitted for the first time to the Appeals Council is part of the record on appeal because the statute itself provides that such record includes the "evidence upon which the findings and decision complained of are based." Id. Because the Appeals Council considered and evaluated such evidence, that evidence constitutes "evidence upon which the decision complained of is based." Id. Accordingly, the district court should have considered and addressed the new evidence that Higginbotham submitted to the Appeals Council. The judgment of the district court is therefore vacated, and the case is remanded for further consideration not inconsistent with this opinion.

VACATED and REMANDED.

10