United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 05-10740
Summary Calendar

)))))))))))))))))))))))))))

CHARLES D. HIGGINBOTHAM,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-0891-BE

_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

I.   BACKGROUND

Plaintiff-Appellant Charles Higginbotham applied for Supplemental Social Security Income ("SSI") benefits on December 9, 1999, claiming that mixed bipolar disorder rendered him disabled. On April 19, 2000, the Social Security Administration denied Higginbotham's application. Higginbotham then requested, and was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted, a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied Higginbotham's claim for benefits because Appellant could not sustain a claim of total disability under section 1614(a)(3)(A) of the Social Security Act ("the Act").[1] Specifically, the ALJ held that Higginbotham had no "exertional limitations," but that he did have "non-exertional limitations" that restricted him to jobs requiring only short, simple instructions and limited interaction with other people.

Appellant timely filed a request for review by the Appeals Council. While his request was pending, Appellant, in accordance with applicable regulations, submitted a medical source statement completed by Chandrakant Patel, M.D. ("Dr. Patel"), his treating physician. Dr. Patel's evaluation concluded that Higginbotham suffered from a complete loss of ability to perform regular employment activity. In a letter dated August 30, 2001, the Appeals Council denied Higginbotham's request for review, reasoning that although it had considered Dr. Patel's statement, the additional evidence did not provide a basis for reversing the ALJ's decision.

Higginbotham then filed a complaint in the district court,

---

[1] Section 1614(a)(3)(A) of the Social Security Act ("the Act") is codified at 42 U.S.C. § 1382. It provides that an individual is considered disabled for purposes of the Act if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

seeking review of the Commissioner's denial of SSI benefits.  On October 15, 2003, the magistrate judge recommended that the Commissioner's decision be reversed so that the Commissioner could examine the statement submitted by Dr. Patel.  The district court, however, rejected the magistrate judge's recommendation, specifically declining to consider the new evidence submitted to the Appeals Council, and affirmed the Commissioner's denial of SSI benefits.

Higginbotham then filed an appeal for review in this Court. Because we found that the district court erred by not considering the new evidence submitted to the Appeals Council, we remanded the case to the district court for further consideration. *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005).

On remand, the district court, again, affirmed the Commissioner's decision to deny Higginbotham's claim for benefits, holding that even after considering Dr. Patel's statement, there was still substantial evidence in the record to support the Commissioner's decision.  Higginbotham then filed this appeal.

II.  STANDARD OF REVIEW

Our review of the Commissioner's denial of SSI benefits is restricted to considering whether the decision is supported by substantial evidence in the record and whether the proper legal standards were applied.  *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  "Substantial evidence is more than a scintilla,

less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In applying this standard, while we must review the entire record to determine if such evidence is present, "we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (quoting *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988))(citations omitted).

III. DISCUSSION

Higginbotham argues that we should either remand the case to the Commissioner for further consideration of the additional evidence, or that we should find that, in light of Dr. Patel's statement, the Commissioner's decision to deny Appellant's application for SSI benefits is not supported by substantial evidence. Because we determine that the Commissioner's decision to deny Appellant's application for SSI benefits is supported by substantial evidence in the record, we affirm.

First, Appellant argues that because appeals of social security cases are usually disposed of by way of summary judgment, we should adopt a modified summary judgment standard in order to avoid weighing the evidence.[2] According to Appellant, that standard would

---

[2] In this case, the magistrate judge issued an order directing the parties to file briefs instead of cross-motions for summary judgment.

4

require us to remand the case to the Commissioner.[3] Under Appellant's proposed standard, the Commissioner, as movant for summary judgment, must first establish that substantial evidence supports the ALJ's decision. Next, Higginbotham, as non-movant, must present evidence that contradicts the substantial evidence contention or demonstrates a genuine issue of material fact. Appellant maintains that, in accordance with a summary judgment policy of resolving all inferences in favor of the non-movant, Dr. Patel's statement should be given presumptive weight, and thus establishes a genuine issue of material fact. Consequently, Appellant contends, the case should be remanded to the Commissioner for further review. Appellant's argument that the case should be remanded to the Commissioner for further consideration of Dr. Patel's statement based on a modified summary judgment standard is unpersuasive and finds no support in case law.

If additional evidence is presented while the case is pending review by the Appeals Council, courts of appeals customarily review the record as a whole, including the new evidence, in order to determine whether the Commissioner's findings are still supported by substantial evidence. *See Wilkins v. Sec'y, Dep't of Health and*

_____

[3] It is important to note that Appellant does not argue that, pursuant to 42 U.S.C. § 405(g), additional evidence should be presented to the Commissioner based on "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To that end, Appelllant fails to make the requisite showing.

*Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *see also Barnhart*, 405 F.3d at 337-38 (directing the district court to consider the newly submitted evidence in its review of the Commissioner's decision).

Additionally, allowing these types of proceedings to be reopened and remanded in the manner espoused by the Appellant would create improper incentives for attorneys and litigants. By remanding cases without meaningful regard to the substantial evidence standard, we would be encouraging attorneys to hold back some of their evidence in hopes of seeking reconsideration if proceedings are not initially successful for their clients. By remanding this case to the Commissioner, we would be, in part, abandoning the substantial evidence doctrine, while also creating a procedure at odds with the goal of orderly and speedy disposition of claims.

Considering all of the evidence, including Dr. Patel's statement, we find that the Commissioner's decision is still supported by substantial evidence. While the Appellant is correct in noting that we have long held that the "opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability," *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985), Dr. Patel's conclusory statement diagnosing Appellant as disabled did not contain supporting medical

6

evidence or any support otherwise, and therefore does not begin to overcome the substantial evidence supporting the ALJ's decision.

The ALJ noted that outpatient clinic records from Tarrant County Mental Health & Mental Retardation clinic indicate that Appellant consistently took his medication which adequately controlled and stabilized his condition. Hence, medication effectively inhibits Higginbotham's mood swings, depression, and emotional outburst with no reported side-effects. The Tarrant County records also convey that Appellant was usually alert, talkative, coherent, and properly groomed. Higginbotham also denied experiencing any auditory or visual hallucinations. The record also demonstrates that while Appellant's moderate difficulty in maintaining social functioning has seldom affected his concentration and pace of performance, it has never resulted in a significant disruption in a work-like setting. Moreover, the ALJ stated that Appellant's testimony at his hearing was "articulate and coherent." Finally, an impartial vocational expert testified that an individual with Appellant's abilities and limitations could successfully perform duties consistent with Higginbotham's past work experience. Hence, Dr. Patel's statement does not dilute the record to the point that the ALJ's ultimate finding is insufficiently supported.

IV. CONCLUSION

Because we conclude that the Commissioner's decision denying Higginbotham benefits is supported by substantial evidence in the record as a whole, including Dr. Patel's statement, we AFFIRM that

decision.