# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-10161
Summary Calendar

DORETHA JOHNSON,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-85

Before GARZA, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security ("Commissioner") denied Doretha Johnson's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income payments ("SSI"). Johnson challenged the Commissioner's denial in the district court, and the district court affirmed the Commissioner's decision. Johnson appeals the district court's judgment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Johnson injured her back while working as a nurse's aide when she attempted to lift a patient out of his wheelchair and into the shower. She claimed she was unable to work due to her injury and applied for DIB and SSI. Both applications were denied by the Commissioner initially and on reconsideration. Johnson sought review of the Commissioner's decision before an Administrative Law Judge ("ALJ"). Initially, the ALJ rendered a partially favorable decision, which was subsequently vacated and remanded by the Appeals Council.

On remand, a different ALJ held a rehearing and determined that Johnson was not disabled at any time since the occurrence of her injury. The ALJ found that Johnson retained the residual functional capacity to perform the full range of work existing at the sedentary level. The Appeals Council denied review of the ALJ's decision, making that decision the final decision of the Commissioner and subject to judicial review. See Higginbotham v. Barnhart, 405 F.3d 332, 336–37 (5th Cir. 2005).

Johnson sought review of the Commissioner's decision in federal district court pursuant to 42 U.S.C. § 405(g). The district court, adopting the magistrate's Report and Recommendation, affirmed the Commissioner's decision. Johnson appeals.

II

Our review of the Commissioner's decision under 42 U.S.C. § 405(g) is limited to two areas of inquiry: (1) whether there is substantial evidence to support the Commissioner's decision, and (2) whether the Commissioner adhered to the proper legal standards when evaluating the evidence. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). A finding of substantial evidence will be reached if the evidence examined by the Commissioner "is 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" Greenspan, 38 F.3d at 236 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports the findings of the Commissioner, those findings are conclusive and must be affirmed. 42 U.S.C. § 405(g); Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990). We will render a no substantial evidence finding only if "there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" Johnson v. Bowen, 864 F.2d 340, 343–44 (5th Cir. 1988) (quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)). Because it is the role of the Commissioner, not the courts, to resolve any conflicts in the evidence, we will not reexamine the evidence; we will only scrutinize the record to determine whether it contains substantial evidence in support of the Commissioner's decision. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999); Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

A claimant is disabled within the meaning of the Social Security Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). When evaluating whether a person is disabled, the ALJ applies a five-step sequential approach to determine: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also Audler v. Astrue, 501 F.3d 446, 447–48 (5th Cir. 2007). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other

substantial work in the national economy that the claimant can perform." Audler, 501 F.3d at 448.

"Residual functional capacity" is a term of art defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); see also Perez v. Barnhart, 415 F.3d 457, 461–62 (5th Cir. 2005). The residual functional capacity assessment is used at both steps four and five of the sequential analysis: "at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other type of work." Perez, 415 F.3d at 462 (citing 20 C.F.R. § 404.1520(e)). In determining a claimant's residual functional capacity, the adjudicator looks at "a medical assessment of the applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." Hollis v. Bowen, 837 F.2d 1378, 1386–87 (5th Cir. 1988).

III

Johnson argues that the district court erred in affirming the Commissioner's denial of benefits for three reasons. First, Johnson asserts that the ALJ's finding that she retained the residual functional capacity to engage in the full range of sedentary work is not supported by substantial evidence. Second, related to this first point, Johnson argues that the requirement that she be able to sit and stand at her option created an additional restriction on her ability to perform sedentary work. Johnson argues that the Commissioner failed to show that a significant number of jobs existed in the national economy for a person requiring this sit/stand option and possessing Johnson's limited education and lack of transferrable skills. Third, Johnson contends that the ALJ erred in weighing the opinion of her treating physician. We address each of these issues in turn.

4

## A

Substantial evidence supports the ALJ's finding that Johnson retained the residual functional capacity to perform substantially all of the work existing at the sedentary level. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

The ALJ relied on numerous medical examinations of Johnson before concluding that Johnson was not disabled as defined under the Social Security Act and that she retained the residual functional capacity to perform a full range of sedentary work. Johnson was injured on October 11, 2000. The record reveals that fifteen days after Johnson received her injury, she was examined by a physician's assistant and released back to work with a twenty-five pound lifting limitation. On December 13, 2000, Johnson was approved by Dr. Sherick for light duty work with a lifting limit of twenty-five pounds. On July 23, 2001, Dr. Volpe opined that although Johnson would not be able to perform her previous duties as a nurse's aid, she probably could do sedentary work. In January 2002, Dr. Hill found Johnson to be able to work eight hours per day with a fifteen pound lifting limit and with the additional limitations of four hours walking in an eight hour period, four hours standing, and six hours sitting. In October 2002, Dr. Blacklock determined that Johnson could occasionally lift 20 pounds, and with normal breaks, stand or walk for about six hours and sit for about six hours in an eight hour workday. On May 15, 2006, Dr. Stringfellow noted that Johnson could lift ten pounds, stand and walk at least two hours per day, and sit about six hours per day.

Having carefully reviewed the record, we conclude that the ALJ's finding that Johnson retained the residual functional capacity to perform sedentary work is supported by substantial evidence.

B

Johnson next argues that the Commissioner failed to demonstrate that a significant number of jobs existed in the national economy for a person with Johnson's qualifications, in light of the requirement that Johnson be able to sit and stand at her option. See Social Security Ruling ("SSR") 83-12 (explaining the special situation that may arise where a claimant is capable of performing sedentary or light work but "must alternate periods of sitting and standing," i.e., "[t]he individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting").

Johnson's argument fails at the threshold because the ALJ never found that Johnson required a sit/stand option. Johnson seems to assume a sit/stand requirement in light of her claim that she could work for no more than six hours in a sedentary posture. Johnson's argument appears to be that because she could only sit for six hours consecutively, she necessarily would have to stand at her option for two hours during the day. Therefore, according to Johnson, she required a sit/stand option based on the medical evidence in the record.

However, SSR 83-10 elaborates on the definition of "sedentary work" and explains that "standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." See Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001) ("The Social Security Administration's rulings are not binding on this court, but they may be consulted when the statute at issue provides little guidance. The Fifth Circuit has frequently relied upon the rulings in evaluating ALJ's decisions" (internal citation omitted)). This definition of sedentary work

is consistent with Johnson's physical limitations on standing and sitting. The record does not demonstrate that Johnson's physical limitations contained any specific requirement that she alternate between standing and sitting beyond normal breaks.

Substantial evidence supports the ALJ's finding that Johnson could perform the full range of sedentary work, even without a specific sit/stand option.

## C

As a final point, Johnson suggests that the ALJ failed to use proper legal standards when he weighed the opinion of Johnson's treating physician, Dr. Veggeberg. A treating physician's opinion is to be accorded considerable weight during the determination of disability. Greenspan, 38 F.3d at 237. However, a treating physician's opinion is not conclusive, and the ALJ bears the "sole responsibility for determining the claimant's disability status." Id. (internal quotation marks and citations omitted). In its decision, the ALJ carefully considered the various opinions of Dr. Veggeberg; concluding that the inconsistent nature of the opinions, weighed against the opinions of the other medical experts, rendered Dr. Veggeberg's opinions of little value. After carefully reviewing the record and the ALJ's decision, we find no error in the ALJ's treatment of Dr. Veggeberg's opinion.

AFFIRMED.