IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 08-10234
Summary Calendar

ARLIN D. STORY

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
3:06-CV-2212

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security ("Commissioner") denied Arlin D. Story's application for Disability Insurance Benefits ("DIB"). Story challenged this determination in district court, and the district court affirmed. Story now appeals the district court's judgment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Story filed his application for DIB in 2005, alleging that blindness in his right eye had left him disabled since 2001. The Administrative Law Judge ("ALJ") conducted a hearing and determined that Story did not suffer from a "severe impairment," defeating Story's claim for DIB. The Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner. See Higginbotham v. Barnhart, 405 F.3d 332, 336–37 (5th Cir. 2005). Story sought review of the Commissioner's decision in federal district court pursuant to 42 U.S.C. § 405(g). The district court, adopting the magistrate's Report and Recommendation, affirmed the Commissioner's decision. Story now appeals.

Our review of the Commissioner's decision under 42 U.S.C. § 405(g) is limited to two areas of inquiry: (1) whether there is substantial evidence to support the Commissioner's decision, and (2) whether the Commissioner adhered to the proper legal standards when evaluating the evidence. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). A finding of substantial evidence will be reached if the evidence examined by the Commissioner "is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Story first contends that the record lacks substantial evidence to support the ALJ's finding that Story's blindness was not a "severe impairment." A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). "An impairment can be considered not severe only if it is a slight abnormality [having] such minimal effects on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985).

It is clear that Story is blind in his right eye and suffers some level of resulting pain and discomfort. However, the record also reveals that Story

missed multiple medical appointments because he was working on construction jobs; admitted that his symptoms improved when he complied with treatment; and performed daily activities such as gardening, mowing the lawn, and walking to visit his relatives. Taken as a whole, this constitutes substantial evidence to support a finding that Story's impairment did not "substantially limit" his ability to do "basic work activities."

Story also argues that the ALJ erred by failing to make explicit credibility findings as to Story's testimony on the effects of his eye impairment. While an ALJ must consider the credibility of a claimant's testimony, we do not require the ALJ to explicitly state his opinion on the veracity of each allegation. See Haywood v. Sullivan, 888 F.2d 1463, 1469–70 (5th Cir. 1989) (holding that the ALJ's consideration of a claimant's subjective testimony was sufficient). In this case, the ALJ clearly considered Story's claims and found them inconsistent with the medical evidence. Thus, the ALJ satisfied his obligation.

Story's numerous remaining arguments lack merit or lie beyond our scope of review. For the foregoing reasons, the judgment of the district court affirming the Commissioner's decision is AFFIRMED.