## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2011

No. 11-20240
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT RINE,

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3768

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security ("Commissioner") denied Robert Rine's application for disability insurance benefits. Rine now appeals the district court's judgment affirming this decision. We also AFFIRM.

Rine filed his application for benefits in 2007, alleging disability as of November 1, 2006 based on muscular deterioration and nerve problems arising out of a 2005 surgery to his back. The Administrative Law Judge ("ALJ")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20240

conducted a hearing and determined that Rine did not suffer a disability as that term is defined under the Social Security Act, thus defeating Rine's claim for benefits. The Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336–37 (5th Cir. 2005).

Rine sought review of the Commissioner's decision in federal district court under 42 U.S.C. § 405(g). The district court affirmed the Commissioner's decision. Rine now appeals.

Our review of the Commissioner's decision under 42 U.S.C. § 405(g) is limited to two areas of inquiry: (1) whether there is substantial evidence to support the Commissioner's decision, and (2) whether the Commissioner adhered to the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). We will reach a finding of substantial evidence if the evidence examined by the Commissioner "is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Rine specifically claims that the ALJ improperly deemed him not credible at the benefits hearing and overemphasized his alcohol use in denying benefits. This argument lacks merit. Rine oversimplifies the ALJ's treatment of his testimony. The record reflects that the ALJ considered Rine's statements as to his condition and determined that Rine reported his symptoms as more intense, persistent, and limiting than was reflected by other evidence in the record. The ALJ only questioned Rine's testimony to the extent that it contradicted evidence that Rine could perform light work. A review of the ALJ's decision further shows that Rine's alcohol use was one of several factors that led the ALJ to deny benefits. It is not our role to "reweigh the evidence in the record, try the issues de novo, or substitute [our] judgment for the Commissioner's." *Carey v. Apfel*, 230 F.3d 131. 165 (5th Cir. 2000). We cannot say that the substantial evidence

does not support the ALJ's finding of non-disability based on the argument Rine raises here.

Rine also challenges the ALJ's finding that Rine retained the residual functional capacity for the full range of light work during the relevant time period.  Rine specifically contests the ALJ's reliance on the testimony of a non-treating physician; Rine asserts that this testimony did not comport with other evidence in the record, such as letters from Rine's employers, coworkers, friends, and family members and the assessments of his treating physicians. This argument also lacks merit.  The substantial evidence in the form of medical records, along with the non-treating physician's testimony, supports the ALJ's residual functional capacity assessment of light work.

Rine asserts lastly that the ALJ misapplied Social Security regulations to determine that Rine could perform other work existing in significant numbers in the national economy.  This argument also fails.  Even though it is unclear whether this argument is properly raised under the substantial evidence standard, we nevertheless find that the ALJ's assessment of Rine's employment prospects involved a straightforward application of the regulations in light of Rine's residual functional capacity of light work based on his physical limitations.  *See* 20 C.F.R. § 404.1569a(b) ("When your impairment(s) and related symptoms only impose exertional limitations and your specific vocational profile is listed in a rule contained in appendix 2 of this subpart, we will directly apply that rule to decide whether you are disabled").

For these reasons, the judgment of the district court affirming the Commissioner's decision is AFFIRMED.