# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2016

Lyle W. Cayce
Clerk

RANDY FRICKEY,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1922

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Randy Frickey appeals the district court's grant of summary judgment in favor of Defendant-Appellee Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner"), and dismissing Frickey's complaint with prejudice. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30788

## I. FACTS & PROCEDURAL HISTORY

Randy Frickey ("Frickey) was born on August 13, 1986, to Linda and Rickey Frickey in Waggaman, Louisiana. Frickey was in special education programs growing up and ultimately stopped school at some point in the eighth grade. According to the record, Frickey obtained his general education diploma through a computer course. Throughout his life, Frickey has continued to live with his parents and occasionally with friends for short periods of time. Frickey has attempted a number of odd jobs but has been terminated from every job he has had for various reasons, ranging from his lack of friendliness to his lack of ability. Frickey has temper, behavioral, and concentration problems but is capable of feeding himself and taking care of his own basic needs such as dressing and bathing. According to his past school reports, he is learning disabled and speech impaired. The record reflects that he obtained a driver's license but crashed his vehicle into a tree after drinking a daiquiri. The record also indicates that he likes to play pool, although he has difficulty socializing with others. He has been diagnosed with osteoporosis and has received various medications as treatment over time, including but not limited to muscle relaxers.

In early 2011, Frickey began to see various medical professionals for his osteoporosis, borderline intellectual functioning, and ADHD conditions. In May 2011, Frickey submitted an application for social security benefits which was subsequently denied. In August 2011, Frickey underwent a psychological evaluation by developmental psychologist Christine B. Powanda, Ph.D., who determined that he had a full scale intelligence quotient ("IQ") of 71. She found that his intellectual functioning fell within the borderline range and that his test performance may have been negatively impacted by his attention deficit hyperactive disorder ("ADHD") symptoms. In December 2011, the

2

No. 15-30788

Administrative Law Judge ("ALJ") issued a decision finding that Frickey had not been under disability through the date of the decision.

In March 2012, Frickey submitted another application for benefits as well as a claim for supplemental security income, reporting that he became unable to work in February 2011, listing osteoporosis and ADHD as his disabling conditions. *See* 42 U.S.C. §§ 423 & 1382(a). The determination once again was not disabled.

In June 2012, at the request of his attorney, Frickey was evaluated by Dr. Leonard Culver, Ph.D., to determine his eligibility for disability benefits. At that time Dr. Culver determined that Frickey had severe dependent personality disorder with a long history of ADHD and borderline intellectual functioning.

During a hearing in May 2013, Frickey requested a finding of current disability. In June 2013, the ALJ issued a decision finding that Frickey was not disabled through the date of decision. After the ALJ issued its decision, Frickey returned to Dr. Culver in December 2013 for a second evaluation. Upon examining Frickey for the second time, Dr. Culver reported that his test results indicated a full scale IQ of 62, as well as continued dependence with borderline intellectual functioning and ADHD symptoms.

Frickey produced Dr. Culver's December 2013 report to the Appeals Council. In June 2014, the Appeals Council denied his request for review, stating that it had taken into account the report in considering Frickey's request. In August 2014, Frickey filed a complaint in federal court. Shortly thereafter, both parties filed cross-motions for summary judgment.

The district court granted summary judgment in favor of the Commissioner and dismissed Frickey's complaint with prejudice. In its

3

opinion[1], the district court held that there was substantial evidence in the record to support the Commissioner's determination that Frickey was not disabled and that the ALJ did not fail to follow the proper legal standard in considering the evidence. *See* 20 C.F.R. § 404.1520; *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Specifically, the district court agreed with the ALJ's finding that neither Frickey's physical impairment of osteoporosis, nor his mental impairments (ADHD and borderline intellectual functioning), met the requirements for Section 12.05 of the Listing of Impairments ("the Listings"). *See* 20 C.F.R. Pt. 404, Subpart P, App'x 1 – 12.05.

In its discussion of these issues, the district court noted Dr. Culver's December 2013 report, observing that Frickey failed to obtain the report until after the ALJ had rendered its unfavorable decision but, nevertheless, was able to provide the report to the Appeals Council, who stated that they had taken the report into account in considering and ultimately denying the request for review. The district court concluded that the report was unlikely to have changed the outcome of the Commissioner's determination and that the report did not satisfy the criteria for remand. *See Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989) (citations omitted).

Frickey filed this appeal.

## II. DISCUSSION

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez*, 415 F.3d at 461 (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] The district court adopted as its opinion the report and recommendation of the magistrate judge.

conclusion." *Id.* (internal quotation marks and citation omitted). It must be "more than a mere scintilla and less than a preponderance." *Id.* (citation omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* (citations omitted). Conflicts of evidence are not for the courts, but for the Commissioner to resolve. *Id.* (citation omitted). "If the Commissioner's fact findings are supported by substantial evidence, they are conclusive." *Id.* (citation omitted).

A claimant bears the burden of proving that he suffers from a disability which is "defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* (internal quotation marks and citation omitted). "Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit." *Id.* (citation omitted). The ALJ uses a five-step analysis in evaluating claims of disability: "(1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work." *Id.* (citing 20 C.F.R. § 404.1520). "The claimant bears the burden of proof on the first four steps, and then the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Id.* (citations omitted). "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.*

(citation omitted).  If the Commissioner can determine whether the claimant is disabled at any of these steps, the analysis ends.  *Id*. (citing 20 C.F.R. § 404.1520(a)).

On appeal, Frickey first argues that the ALJ failed to apply the correct standard by neglecting to make adequate findings about whether his impairments met the Section 12.05 of the Listings.  *See* 20 C.F.R. Pt. 404, Subpart P, App'x 1 – 12.05.  Frickey further argues that the district court erred by improperly making findings of fact outside the scope of its authority, thus impermissibly substituting its own judgment for that of the Commissioner.  Second, Frickey argues that the Appeals Council erred by neglecting to evaluate new and material evidence provided in Dr. Culver's 2013 report which refuted the basis, or at minimum casts doubt, on the ALJ's findings.  We disagree.

Our review of the record indicates that the district court properly held that the ALJ applied the correct standard in determining that Frickey's impairments did not meet the requirements for Section 12.05 of the Listings.  *See* 20 C.F.R. Pt. 404, Subpart P, App'x 1 – 12.05A.  As noted by the district court, in applying the five-step sequential analysis provided in Section 404.1520 to evaluate Frickey's claim of disability, the ALJ embarked on a detailed review of Frickey's medical history and evaluations—both mental and physical—as well as his educational, familial, social, and employment background and history.  20 C.F.R. § 404.1520; *Perez*, 415 F.3d at 461.   In reviewing the ALJ's analysis, the district court also provided a lengthy explanation with respect to its holding in agreement with that analysis and concluded that Frickey's impairments did not satisfy the threshold requirement for Section 12.05 of the Listings.  The district court noted Frickey's possession of a driver's license and his ability to care for himself and to assist with the upkeep of his residence.  While acknowledging his social

difficulties, the district court pointed out that Frickey had a past girlfriend and had plans to attend a cousin's bachelor party and a pool tournament in Las Vegas. The district court further looked to the medical reports which indicated that his physical pain was controlled to the extent that he could walk his dog and play pool regularly. We see no error in the district court's conclusion that these facts and reports are substantial evidence in support of the notion that Frickey did not suffer overly extensive deficits in adaptive functioning, in spite of his learning difficulties. *Id.* at 461-62.

Frickey's second argument that the Appeals Council erred by neglecting to provide a detailed evaluation of Dr. Culver's December 2013 report also fails. The Appeals Council stated without further explanation that it had considered Dr. Culver's December 2013 report in its denial of Frickey's request for review. As noted by the district court, this court has acknowledged that the previously mandated requirement of the Appeals Council to engage in a detailed discussion of evidence[2] was suspended by a 1995 memorandum from the Executive Director of Appellate Operations. *See Higginbotham v. Barnhart*, 405 F.3d 332, 335, n.1. (5th Cir. 2005) (citation omitted). Furthermore, as correctly echoed by the district court, this court also held in *Higginbotham* that the evidence submitted by the claimant to the Appeals Council *should be* reviewed by the district court because it is part of the record. *Id.* at 337-38 (emphasis added).

It so follows here that the district court properly considered Dr. Culver's December 2013 report. It was also reasonable for the district court to conclude that, because the December 2013 report echoed the findings of the June 2012 report[3] that had been previously considered by the Commissioner in making

---

[2] *See Epps v. Harris*, 624 F.2d 1267, 1272-73 (5th Cir. 1980).

[3] Like the December 2013 report, the June 2012 report concluded that Frickey had borderline intellectual functioning and ADHD symptoms

No. 15-30788

an ultimate determination of no disability, reviewing the 2013 report would not have changed that determination and, thus, remand was not appropriate. *See* 20 C.F.R. Pt. 404, Subpart P, App'x 1 – 12.05; *Haywood*, 888 F.2d at 1471-72.   For these reasons, we see no error in the district court's holding that the Appeals Council did not err in failing to provide a detailed evaluation of Dr. Culver's December 2013 report.  *Higginbotham*, 405 F.3d at 335, n.1.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's summary judgment in favor of the Commissioner, dismissing with prejudice the claims of Plaintiff-Appellant Randy Frickey.