# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2025

Lyle W. Cayce
Clerk

_____

No. 24-30342

_____

Kevin Mitchell,

*Plaintiff—Appellant*,

*versus*

Leland Dudek, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-2493

_____

Before Smith, Clement, and Duncan, *Circuit Judges*.

Per Curiam:[*]

The Social Security Administration (SSA) awarded Appellant Kevin Mitchell disability insurance benefits beginning at age 55. Claiming he was entitled to benefits from an earlier date, Mitchell unsuccessfully challenged his award in district court and now appeals. We affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30342

I.

Mitchell is a 35-year Air Force veteran deemed 100% disabled by the Veterans' Administration. In September 2021, he applied to the SSA for benefits, alleging his disability began on December 31, 2020 when he was 54 years and seven months old. His application was initially denied by the SSA in October 2022 and again, on reconsideration, in November 2022. *See* 42 U.S.C. § 405(b)(1).

In December 2022, Mitchell requested a hearing before an administrative law judge (ALJ), which was held on April 4, 2023. The ALJ issued Mitchell a partially favorable decision, finding him disabled and hence eligible for benefits beginning on May 4, 2021, one day before his 55th birthday. The ALJ declined, however, to find that Mitchell was eligible for benefits dating from his alleged disability onset on December 31, 2020, relying on an SSA regulation, 20 C.F.R. § 404.1563(b) (2008), as well as subregulatory guidance issued by the Commissioner known as HALLEX (which stands for the "Hearings, Appeals, and Litigation Law Manual") and POMS (which stands for "Program Operations Manual System").

Mitchell appealed to the Appeals Council, which rejected his challenge. On July 12, 2023, he filed this suit, alleging the ALJ's decision was contrary to law because the applicable HALLEX and POMS guidance conflicts with § 404.1563(b). Effectively, Mitchell contended that the ALJ should have awarded him benefits for the additional period between December 31, 2020, and May 4, 2021. The district court, adopting the magistrate judge's findings and recommendations, rejected Mitchell's argument. He now appeals.

II.

"Our review of the Commissioner's denial of SSI benefits is limited to considering whether the decision is supported by substantial evidence in

2

the record and whether the proper legal standards were applied." *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005).

## III.

## A.

The ALJ in this case followed the agency's five-step process for evaluating whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2008); *see also Schofield v. Saul*, 950 F.3d 315, 319–20 (5th Cir. 2020) (summarizing the process). At issue here is step five, which considers whether Mitchell could "make an adjustment to other work." § 404.1520(a)(4)(v). If he could, he would be deemed "not disabled"; if not, he would be deemed "disabled." Among other factors, the step-five inquiry considers a claimant's age as bearing on whether he can adjust to other work. *Ibid.*; *see also* § 404.1520(g) (describing the analysis).

"Special rules" apply to claimants of "advanced age," by which is meant "age 55 or older." § 404.1563(e); *see also* § 404.1568(d)(4).[1] But the regulations caution that "[w]e will not apply the age categories mechanically in a borderline situation," § 404.1563(b), providing the following illustration:

> If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

*Ibid.*[2]

---

[1] The regulations also specify two other age categories—a "younger person" (under 50) and a "person closely approaching advanced age" (50–54). § 404.1563(c)–(d).

[2] We have before noted that this regulation does not specify the time period for a "borderline situation" beyond "a few days to a few months of [reaching] an older age category." *Schofield*, 950 F.3d at 320 (cleaned up). We need not address that ambiguity

No. 24-30342

Two forms of regulatory guidance clarify when a "borderline situation" arises under § 404.1563(b). First, the HALLEX provides:

> ALJs will assess whether the claimant reaches or will reach the next higher age category within a few days to a few months after the: Date of adjudication; Date last insured; End of disabled widow(er)'s benefit prescribed period; End of child disability re-entitlement period; or Date of cessation of disability.

HALLEX I-2-2-42 (B)(1) (S.S.A.), 2016 WL 1167001 (Mar. 25, 2016). The POMS restates that guidance and provides this further clarification:

> If using the claimant's chronological age results in a partially or fully favorable determination, only consider the claimant's chronological age. This is not a borderline age situation.

POMS DI 25015.006 (A), *Borderline Age*, https://perma.cc/TYY8-6M5V (effective starting July 6, 2017).

## B.

Mitchell principally argues that the ALJ erred by finding he was not in a "borderline situation" under § 404.1563(b), which could have resulted in his benefits starting four months earlier on the date of his alleged disability onset (that is, when he was 54 and seven months old). Mitchell further argues that the subregulatory guidance on which the ALJ relied (the HALLEX and POMS provisions noted above) conflicts with the regulation. Finally, Mitchell argues his case is controlled by our decision in *Schofield*. We disagree on all counts.

To begin with, the ALJ properly applied § 404.1563(b) and the guidance (which, as we explain below, does not conflict with the regulation).

---

here because, as explained *infra*, the ALJ properly determined that Mitchell's case did not present a "borderline situation" to begin with.

No. 24-30342

Under the regulation, a "borderline situation" arises when two criteria are met: (1) the claimant is "within a few days to a few months of reaching an older age category;" and (2) "using the older age category would result in a determination or decision that [the claimant] [is] disabled." *Id.* The HALLEX, in turn, clarifies *at what point in time* one must be approaching an older age category. As relevant here, a claimant must be "a few days to a few months of reaching an older age category" on his "date of adjudication" or his "date last insured." HALLEX I-2-2-42 (A) & (B)(1).[3]

Under that framework, the ALJ correctly concluded that Mitchell did not present a "borderline situation." To qualify as such, Mitchell would have needed to be approaching 55 either on the date of adjudication or on his last date insured. He was not. On the date of his adjudication in April 2023, Mitchell had already turned 56. And Mitchell's date last insured will not occur until December 31, 2026.

Perhaps realizing this problem, Mitchell contends the guidance conflicts with the regulation. Not so. The HALLEX sensibly clarifies a point in time on which the regulation is silent. The dates specified (here, the date of adjudication and date last insured) are ones which could determine whether a claimant receives something or nothing depending on age. That is, if a claimant whose benefits would begin at age 55 is not quite 55 on either of those dates, he would receive zero benefits. In other words, the guidance fleshes out what the regulation means by a "borderline situation." That is quite different from Mitchell's situation, where he is in fact entitled to some

---

[3] One's "date last insured" refers to the last day one qualifies for Social Security benefits and is generally about five years from the last time the person worked. *See* 20 CFR § 404.101(a); *see also, e.g.*, *Dugue v. Soc. Sec. Admin.*, No. CV 14-2723, 2016 WL 1171637, at *4 (E.D. La. Feb. 10, 2016), *report and recommendation adopted*, No. CV 14-2723, 2016 WL 1215240 (E.D. La. Mar. 24, 2016) (explaining the meaning of "date last insured").

benefits by virtue of his age. This reading of the regulation is confirmed by POMS, which explains that claimants whose "chronological age results in a partially or fully favorable determination" are "not a borderline age situation." POMS DI 25015.006 (A).

By contrast, Mitchell's reading of the regulation would lead to absurd results. He proposes that ALJs should consider whether a claimant was approaching the next age category on his date of alleged onset of disability. By that logic, however, *every* claimant who becomes eligible to receive benefits upon reaching a certain age would be entitled to use the "borderline" exception to try to squeeze out a few extra months of benefits. That exception would illogically swallow the rule that "'[a]ge' means your chronological age." 20 C.F.R. § 404.1563(a) (2008). That cannot be right.[4]

Finally, Mitchell argues that this case is controlled by our decision in *Schofield*, 950 F.3d 315. Not so. Unlike this case, *Schofield* actually presented a "borderline situation" under § 404.1563(b). The claimant's "date last insured" fell just a few months before her 55th birthday, and the ALJ denied her benefits based on her age alone. *Id.* at 319. We held that the ALJ erred by not "consider[ing] whether to use the older age category." *Id.* at 320 (emphasis omitted) (quoting § 404.1563(b)); *see also id.* at 321 (holding an

---

[4] Our interpretation is consistent with "[t]hose few courts that have considered this precise issue" and "have held that the borderline age analysis does not permit a claimant like [Mitchell], who has received benefits under the Medical Vocational Guidelines, to rely upon the borderline rule to secure a more favorable onset date and expand the number of months for which [ ]he can receive retroactive benefits." *Berg v. Berryhill*, No. CV 17-04452, 2019 WL 3387209, at *5 (E.D. Pa. July 26, 2019) (cleaned up). *See also, e.g.*, *Williams v. Comm'r of Soc. Sec. Admin.*, No. CIV A 07-3234(SRC), 2008 WL 5075549, at *11 (D.N.J. Nov. 25, 2008) (holding the same); *Antal v. Berryhill*, No. 3:17-CV-2097, 2018 WL 4038147, at *5 (M.D. Pa. July 26, 2018), *report and recommendation adopted*, No. CV 3:17-2097, 2018 WL 4030694 (M.D. Pa. Aug. 23, 2018) (holding the same).

No. 24-30342

ALJ must "provide some indication" that he engaged in the required analysis in a borderline case).

Unlike *Schofield*, Mitchell does not present a borderline situation under the regulation. So, contrary to Mitchell's argument, there was no reason for the ALJ to consider whether the older age category should apply before Mitchell turned 55.[5]

## IV

The district court's judgment is AFFIRMED.

---

[5] Mitchell argues in passing that the subregulatory guidance is "unconstitutional" because it conflicts with § 404.1563(b). Yet he never develops this constitutional argument beyond reiterating his mistaken contention that the guidance "conflicts" with the regulation. So, we have no occasion to address the guidance's constitutionality.