United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-30735

)))))))))))))))))))))))))))

LINDA M. JONES,

        Plaintiff-Appellant,

   v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

        Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:05-CV-454

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

Per Curiam:[*]

    Plaintiff-Appellant Linda M. Jones ("Jones") appeals from a district court decision upholding the Commissioner of Social Security's (the "Commissioner") denial of Jones's claim for disability benefits under the Social Security Act. For the reasons that follow, we affirm the judgment of the district court.

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2003, Jones filed an application for supplemental security income benefits. Jones claimed a disability beginning May 1, 1999, due to anxiety, depression, stomach ulcer, back problems, weakness, headaches, drowsiness, and pain. Her application was denied upon initial determination, and Jones requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 16, 2003, and on July 24, 2003, the ALJ issued an unfavorable decision. Jones then filed a request for review by the Appeals Council. The Appeals Council determined that the ALJ had erred by relying upon the Medical Vocational Guidelines ("Grids"), and that Jones's non-exertional limitations required the use of vocational expert testimony to determine if there were jobs existing in the national economy that Jones could perform. The Appeals Council therefore remanded the case to the ALJ with instructions that the ALJ obtain evidence from a vocational expert.

The ALJ held a new hearing on February 11, 2004, at which a vocational expert gave testimony. Following this hearing, the ALJ issued a decision on August 26, 2004, again denying Jones's claim. Jones filed a new request for review with the Appeals Council. The Appeals Council considered the ALJ's decision, as well as new evidence submitted by Jones too late for the ALJ to consider. This evidence consisted of a psychological examination

report by Dr. David E. Greenway. On December 2, 2004, the Appeals Council denied Jones's request and stated that the new evidence provided by Jones created no basis for altering or amending the ALJ's decision.

Jones appealed to the United States District Court for the Western District of Louisiana. Jones argued that (1) the ALJ erred in positing a defective hypothetical question to the vocational expert; (2) the ALJ improperly applied the Grids to deny benefits; and (3) the ALJ failed to fully and fairly develop the facts. Jones's appeal was referred to a magistrate judge, who issued a report and recommendation on April 18, 2006. The magistrate found that there was substantial evidence in the record to support the Commissioner's decision of non-disability and that the Commissioner's decision comported with all relevant legal standards. Specifically, the magistrate concluded that the ALJ incorporated the appropriate limitations into his hypothetical question and that Jones's counsel had the opportunity to correct any defects in the hypothetical question. Second, the magistrate found that the ALJ had not relied on the Grids, but rather on the testimony of the vocational expert, in concluding that jobs existed in significant numbers that Jones could perform. Finally, the magistrate concluded that there was no failure by the ALJ to develop adequately the record regarding Jones's alleged mental retardation because the report by Dr. Greenway was not in conflict with prior evaluations indicating

3

that Jones had low average intelligence. The magistrate noted that the Appeals Council had concluded that the Greenway report was not a basis for changing the ALJ's decision, and stated that "[t]he undersigned agrees that the additional evidence would not have led to a different decision by the ALJ." The district court adopted the findings and conclusions of the magistrate's report and affirmed the decision of the Commissioner. This appeal by Jones followed.

## II. JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1291. Judicial review of the Commissioner's decision to deny benefits is limited to determining whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards in evaluating the evidence. Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). It is more than a scintilla and less than a preponderance. Id. This court may not re-weigh the evidence in the record or substitute our judgment for that of the Commissioner. Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000).

## III. DISCUSSION

To be entitled to social security disability benefits, a claimant must show an "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a claim of disability, the ALJ follows a five-step sequential process, the first four steps of which place the burden on the claimant. Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). The five steps are:

> (1) A claimant who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.
> (2) A claimant who does not have a "severe impairment" will not be found to be disabled.
> (3) A claimant who meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 will be considered disabled without the consideration of vocational factors.
> (4) If the claimant is capable of performing the work he or she has done in the past, that claimant is "not disabled."
> (5) If the impairment precludes the claimant from performing his or her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if the claimant can perform other work.

Boyd v. Apfel, 239 F.3d 698, 704-05 (5th Cir. 2001); see also 20 C.F.R. § 404.1520. If the inquiry reaches the fifth step, the burden is on the Commissioner to show that the claimant can perform work existing in the national economy. Newton, 209 F.3d at 453. If the Commissioner makes this showing, the burden shifts back to the claimant to prove that he or she cannot perform the work suggested. Muse, 925 F.2d at 789.

In this case, the ALJ determined that the work that Jones had performed within the relevant time period was of insufficient duration to qualify as past relevant work. The ALJ also

5

determined that Jones had non-exertional impairments that qualified as "severe," but that did not equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Because of these findings, the ALJ's inquiry reached step five, at which point, after remand by the Appeals Council, the ALJ heard testimony from a vocational expert. The ALJ concluded that there were jobs existing in significant numbers in the national economy that Jones could perform. As explained above, the Appeals Council affirmed the ALJ's decision.

Jones presents three issues for review: (1) whether the district court applied an improper remand standard in declining to remand Jones's case to the Commissioner; (2) whether Jones's new evidence "meets the requirements of 42 U.S.C. § 405(g), sentence six, or 20 C.F.R. § 416.1476(b)(1)" and therefore requires remand; and (3) whether the ALJ erred as a matter of law by positing a defective hypothetical question to the vocational expert.

**A.     The District Court Did Not Apply an Improper Remand Standard**

Jones claims that the district court used the wrong standard for remand when it adopted the magistrate's report stating that "[t]he undersigned agrees [with the Appeals Council] that the additional evidence would not have led to a different decision by the ALJ." Jones argues that the correct remand standard under 42 U.S.C. § 405(g) is whether there exists a "reasonable possibility" that the new evidence would have changed the outcome

6

of the Commissioner's determination.

Jones is correct that whether there is a "reasonable possibility" that new evidence would have changed the outcome of the Commissioner's decision is the test that this circuit employs to determine whether new evidence is "material" within the meaning of § 405(g). Section 405(g) applies, however, where the claimant presents new evidence to the district court that was not reviewed by the Commissioner and thus was not made part of the record.[1] In this case, Jones presented no new evidence to the district court. She did provide new evidence, the Greenway report, to the Appeals Council, and the Appeals Council addressed that evidence, specifically stating that "this information does not provide a basis for changing the Administrative Law Judge's decision." In Higginbotham v. Barnhart, 405 F.3d 332, 334 (5th Cir. 2005), this court held that the Commissioner's final decision includes the Appeals Council's denial of a claimant's request for review, and that new evidence submitted to the Appeals Council becomes part of the administrative record. It

---

[1] The relevant passage reads as follows: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g).

7

follows, therefore, that the test set forth in § 405(g) for whether evidence newly submitted to the district court requires remand to the Commissioner has no application to this case. In the statement Jones objects to, the magistrate was not applying a standard for remand based on new evidence but rather was affirming the Appeals Council's assessment of evidence in the record. Jones's argument has no merit.

Jones raises several additional arguments, unrelated to the remand standard, in this section. Jones argues that the district court should have remanded the case because the Appeals Council did not explain the weight that it gave to Jones's new evidence. In Higginbotham, however, we determined that such an explanation was not required. 405 F.3d at 335 n.1. Moreover, Jones's new evidence did not so contradict earlier evidence that a "weighing" of new and old evidence would be required. Dr. Greenway stated that Shipley testing produced an IQ score in the mildly mentally retarded range. Dr. Greenway also stated, however, that Jones's "[i]nterviewing suggests somewhat higher adaptive skills" and that therefore "[s]he might more appropriately be considered borderline intellectual functioning." Dr. Greenway's report was therefore not inconsistent with two earlier psychological evaluations stating that Jones had "low average intelligence."

Jones also argues that the district court erred by

8

resolving a conflict in the evidence, that is, the conflict as to whether Jones was mildly mentally retarded or had borderline intellectual functioning. Jones cites Fifth Circuit caselaw for the proposition that conflicts in the evidence should be resolved by the Commissioner. The "conflict" in question, however, was resolved first by Dr. Greenway, who stated "borderline intellectual functioning" as his diagnosis, and secondarily by the Appeals Council, which decided that the Greenway report did not provide a basis for overturning the ALJ's decision. The district court properly deferred to the Commissioner's fact-finding.

Additionally, Jones argues that the district court could not conduct a full review of the evidence because the record did not contain Jones's IQ scores. Jones cites Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988), where this court criticized the Appeals Council for issuing a decision without reviewing a piece of missing evidence. In that case, however, the missing evidence--the recording of the claimant's administrative hearing--was a part of the administrative record. Jones's IQ scores were not part of the record, and so Baker is inapplicable here. Jones further argues that the Appeals Council should have recontacted Dr. Greenway to obtain the IQ scores because the record was insufficient to permit a determination regarding whether Jones was disabled. As explained above, however, Dr.

Greenway's report did not contradict two earlier psychological evaluations that addressed Jones's impairments. These multiple reports provided a sufficient basis for determining the extent of Jones's limitations.[2]

**B.   The District Court Did Not Err by Declining to Remand the Case**

Jones argues that the district court should have remanded her case "pursuant to 42 U.S.C. § 405(g), sentence six, or 20 C.F.R. § 416.1476(b)(1)." Neither of these provisions accomplishes what Jones would like it to. 20 C.F.R. § 416.1476(b)(1) reads as follows:

> In reviewing decisions based on an application for benefits, the Appeals Council will consider the evidence in the administrative law judge hearing record and any new and material evidence only if it relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application. . . .

Here, the Appeals Council abided by 20 C.F.R. § 416.1476(b)(1) by

---

[2] This section also includes further unrelated arguments by Jones. Jones suggests that the ALJ erred by failing to include "somatoform disorder" as a severe impairment. Jones also appears to argue that Dr. Greenway's conclusion that Jones was "functionally illiterate" placed the finding that Jones had a "limited education" in jeopardy. We hold that these arguments are waived for failure to brief adequately. See Robinson v. Guar. Trust Life Ins. Co., 389 F.3d 475, 481 n.3 (5th Cir. 2004). Jones also suggests that the ALJ erred by relying on Grid Rule 204.00. The district court found, and we agree, that the ALJ relied on vocational expert testimony, and not on the Grids, in making his step five assessment.

considering Jones's new evidence, which related to the period before the ALJ decision. It is not clear why Jones believes this provision compels the district court to remand her case. Elsewhere in her brief, Jones argues that by not returning Jones's evidence, the Appeals Council conceded that the evidence was "material." It is clear from its plain language, however, that 20 C.F.R. 416.1476(b)(1) only requires return of the evidence when it does not relate to the proper time period.

Section 405(g), as explained above, states the circumstances in which new evidence submitted to the district court warrants remand to the Commissioner. In this case, there was no evidence submitted to the district court that was not part of the existing record. Accordingly, there is no cause for remand on the basis of new evidence.

**C.** **The ALJ's Defective Hypothetical Question Does Not Require Reversal**

This court has held that the hypothetical question posed to the vocational expert by the ALJ must "incorporate reasonably all disabilities of the claimant recognized by the ALJ." <u>Bowling v. Shalala</u>, 36 F.3d 431, 436 (5th Cir. 1994). Jones argues that the hypothetical question the ALJ posed to the vocational expert was defective because it did not include all of the impairments recognized by the ALJ. The Appellee concedes that "the ALJ's hypothetical question to the vocational expert was arguably inadequate," but argues that "Ms. Jones's representative cured

11

any error on the part of the ALJ at step five by posing what both parties agree was an adequate hypothetical question to the vocational expert." The Appellee notes that this court in <u>Bowling</u> stated that "a determination of non-disability based on [] a defective question cannot stand," unless "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)." <u>Id.</u>

In this case, the ALJ recognized that Jones possessed the following impairments: moderate limitations in her daily living activities; mild limitations in maintaining social functioning; moderate limitations in maintaining concentration, persistence and pace; and moderate limitations in ability to understand, remember, and carry out detailed instructions. The ALJ found that Jones would have difficulty accepting instructions and responding appropriately to supervisors and would have difficulty with changes in work setting and with making plans independently of others. In his hypothetical question to the vocational expert, however, the ALJ specified only "moderately restricted daily activities, mildly restricted social functioning and mildly restricted difficulties in maintaining concentration, persistence, or pace." This question

12

recasts Jones's recognized "moderate" restrictions in maintaining concentration, persistence, and pace as less-severe "mild" restrictions. It also omits the ALJ's findings that Jones would have difficulty with understanding and carrying out instructions and responding appropriately to supervisors and with changes in work setting and making plans independently. In response to this question, and incorporating Jones's tenth grade education, the vocational expert concluded that Jones could obtain work as a hand packer or packager, freight, stock and material handler, or stock handler and bagger, jobs existing in the hundreds of thousands in the United States.

Jones's attorney at the hearing then asked a hypothetical question that incorporated "moderate limitations of ability to take criticism, ability to remember and carry out detailed instructions" as well as moderate limitations in the "ability to respond appropriately to changes in the work setting and the ability to meet realistic goals in the work place." The vocational expert responded that the addition of these limitations "would not effect [sic] the numbers," that is, the numbers of jobs he had previously stated Jones could perform.

It is clear from the above recitation that the ALJ's question was defective in that it omitted several recognized impairments. Jones's counsel's question, on the other hand, came much closer to encompassing the range of impairments the ALJ had recognized.

13

Appellee argues, relying on Bowling, that Jones's counsel's proper question cured the defect in the ALJ's question. But logic prescribes that counsel's question can compensate for the ALJ's defective question only when the ALJ, in making his final determination, relies on the vocational expert's answer to counsel's question and not on the answer to the ALJ's own defective question.

It is not clear from the ALJ's written opinion whether the ALJ relied on the answer to his question or to Jones's counsel's question. In his opinion, the ALJ appears to adopt counsel's hypothetical question as his own question. In this case, however, it is ultimately irrelevant whether the ALJ relied on the answer to his question or to Jones's counsel's question, because the two answers were the same. Even if the ALJ relied on the answer to his own defective question, Jones was not prejudiced, because the vocational expert gave the same answer to Jones's counsel's question. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

## IV. CONCLUSION

For the reasons stated above, we affirm the judgment of the district court upholding the Commissioner's denial of social security benefits.

14

AFFIRMED.