# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

No. 15-30322
Summary Calendar

KENNETH L. MORGAN, JR.,

Plaintiff–Appellant,

v.

 CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, ELROD and SOUTHWICK, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

The acting Commissioner of Social Security (Commissioner) denied Appellant Kenneth Morgan's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and Morgan challenged the decision in federal district court.  The district court affirmed the acting Commissioner's decision and Morgan now appeals.  Because the ALJ based his decision on a credibility assessment of Morgan's testimony without holding an additional hearing as required by HALLEX, we hold that Appellant was prejudiced by the HALLEX violation and accordingly REVERSE the judgment of the district

No. 15-30322

court and REMAND with instructions that the case be remanded to the Commissioner for further proceedings consistent with this opinion.

**I.**

Morgan applied to the Social Security Administration to receive disability insurance and supplemental income benefits following injuries he sustained when he fell off an 18-wheeler while working as an auto-glass technician. He claimed he suffered injuries to his back, his left shoulder and his left leg, and that these injuries, along with the resultant pain, prevented him from maintaining gainful employment. After the Commissioner denied his application, Morgan requested an administrative hearing, which was held in front of Administrative Law Judge ("ALJ") Elizabeth Palacios. Morgan testified at this hearing and was represented by counsel.

Hearing Office Chief ALJ Michael Hertzig issued the final decision in place of ALJ Palacios. The record is silent as to why ALJ Palacios was unavailable. The decision ends with a single paragraph asserting that ALJ Hertzig replaced ALJ Palacios with her authorization and in accordance with the applicable regulation, and states that ALJ Hertzig did so after he "reviewed all the evidence of record as well as the prior hearings" and found there was "no need to conduct a supplemental hearing."

In the decision, ALJ Hertzig made a series of findings, including that Morgan had not engaged in gainful activity since his declared date of injury; that Morgan suffered from disorders of the back, substance addiction disorder and affective disorder; and that Morgan would be unable to work as an auto-glass technician. The ALJ also found that because Morgan's "residual functional capacity" (his ability to work) allowed him to perform jobs that were available in the national economy (such as industrial cleaner, dining room

2

attendant, and cafeteria attendant), Morgan was not disabled within the meaning of the Social Security Act.

Morgan first requested review of the Commissioner's decision through the Social Security Appeals Council, but was denied.  He filed his complaint in federal district court seeking judicial review pursuant to 42 U.S.C. § 405(g), and the parties filed cross-motions for summary judgment.  After the district court denied Morgan's motion and granted the Commissioner's motion, Morgan timely appealed to this court.

## II.

Appellant makes six arguments to challenge the Commissioner's ruling on appeal.  Because we conclude that a remand is required under Morgan's second argument regarding the ALJ's credibility assessment, we  need not reach Morgan's other arguments.

We review *de novo* the district court's grant of summary judgment, applying the same standard that the district court applied.  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  Our review of the Commissioner's decision, like the district court's review, is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

A claimant is "disabled" as defined in the Social Security Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The

No. 15-30322

Commissioner uses a sequential, five-step approach[1] to determine whether a claimant is so disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops, and the Commissioner does not go on to the next step. 20 C.F.R. § 404.1520(a)(4).[2]

At step five, the ALJ determined that Morgan was not disabled because Morgan has the residual functional capacity to perform medium work, and, upon consideration of Morgan's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Morgan can perform. The ALJ found that Morgan's level of pain did not prevent Morgan from engaging in other substantial gainful activity, in contradiction to Morgan's, and his doctor's, assertions that Morgan's pain was completely disabling.[3] The ALJ based this finding largely

---

[1] The burden of proof is on the claimant at the first four steps. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at the fifth step to establish the existence of other available substantial gainful employment that a claimant can perform. *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner identifies such employment, the burden shifts back to the claimant to prove that she could not perform the alternative work identified. *Id.* at 1302.

[2] "The sequential evaluation process is a series of five 'steps' that we follow in a set order. . . . If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps." 20 C.F.R. § 404.1520(a)(4).

[3] One of Morgan's doctors, Dr. Thomas, opined that Morgan could not work because of his severe back pain.

4

on Morgan's drug-seeking behavior, as evidenced in Morgan's medical records,[4] as well as the fact that Morgan's testimony was "inconsistent with the . . . residual functional capacity assessment."

Morgan challenges the ALJ's credibility assessment for, among other reasons, the fact that the ALJ who made the credibility assessment was not the same ALJ who conducted the hearing at which Morgan testified.

Under our binding precedent, Social Security administrative hearings must follow their own policies. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Such hearings are governed by the policies set forth in an internal manual called the Hearings, Appeals, and Litigation Law Manual (HALLEX). While other courts have held HALLEX not binding on the Commissioner,[5] the Fifth Circuit utilizes the following stringent standard: "while HALLEX does not carry the authority of law, . . . 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required,'" and "[i]f prejudice results from a violation, the result cannot stand." *Newton*, 209 F.3d at 459.

HALLEX § I-2-8-40 provides ALJs with applicable procedures to follow when an ALJ who conducts a hearing is unable to issue a decision. The manual instructs that the case may be reassigned to a different ALJ, and the ALJ to whom the case is reassigned will review the record and determine whether another hearing is required. The manual gives examples of when such a hearing would be required, including: "[A]nother hearing would be necessary if . . . the claimant alleges disabling pain, and the ALJ believes the claimant's credibility and demeanor could be a significant factor in deciding the case."

---

[4] The ALJ concluded that Morgan claimed to suffer from severe pain merely in order to acquire prescription medications and, for that reason, Morgan's testimony as to the severity of his pain was not credible.

[5] *See, e.g.*, *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) (holding that because HALLEX does not have the force and effect of law, it is not binding on the Commissioner).

HALLEX, § I-2-8-40 (2008), http://www.social security.gov/OP_Home/hallex/I-02/I-2-8-40.html.

Here, Morgan's credibility was not only a significant factor in deciding his case, it was essential to the decision. The ALJ acknowledged in the decision that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." The ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Morgan's credibility regarding his level of pain thus went directly to whether Morgan could perform any other substantial gainful activity, and this step was the step upon which the Commissioner denied Morgan's claim.

A finding that Morgan's testimony regarding pain was not credible may very well have been supported by substantial evidence—had the ALJ actually heard the testimony. But ALJ Hertzig forwent an additional hearing and assumed that an examination of the record was sufficient. Without hearing Morgan's testimony, or having seen Morgan in person, the ALJ violated HALLEX by concluding that Morgan's testimony was not credible. In this circuit, "'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required,'" and "[i]f prejudice results from a violation, the result cannot stand." *Newton*, 209 F.3d at 459. Here, Morgan's rights were

affected by the Commissioner's denial of his claim, and the discrediting of Morgan's testimony by the ALJ prejudiced his claim, as it directly resulted in the denial of Morgan's claim.  Because the ALJ's violation of HALLEX prejudiced Morgan, a remand for rehearing before an ALJ is warranted.  *See, e.g.*, *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (providing the remedy of a remand when HALLEX was violated and prejudiced the claimant).

## III.

Because the ALJ violated HALLEX such that Morgan's rights were affected and Morgan was prejudiced by the violation, we REVERSE the judgment of the district court and REMAND the case with instructions that it be remanded to the Commissioner for further proceedings consistent with this opinion.