# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2016

Lyle W. Cayce
Clerk

No. 15-30285
Summary Calendar

THEODORE JOHNSON,

Plaintiff–Appellant,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant–Appellee.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6544

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

*Pro se* appellant Theodore Johnson appeals the district court's final order affirming the Social Security Commissioner's determination that Johnson received overpayments of disability benefits. The district court also reversed and remanded the Commissioner's determination of the amount of overpaid benefits. Because there was insufficient evidence to support the Commissioner's ruling that Johnson received overpayments of disability

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

benefits, we REVERSE the district court's order affirming that ruling; and because there is no new evidence of the alleged overpayments, *see* 42 U.S.C. § 405(g), there is no need to remand to the Commissioner for further findings.

In 2010, Johnson applied to the Social Security Administration ("SSA") for retirement insurance benefits. Johnson was thereafter advised by the SSA that he had been overpaid disability insurance benefits from 1976 through 1978 and that, though he was entitled to monthly retirement benefits beginning in May 2010, all such benefits would be withheld until the overpayment in the amount of $4,535.90 was satisfied. Johnson requested a hearing before an ALJ. At the hearing in December 2011, Johnson testified that he had not received disability insurance benefits in 1976, 1977, or 1978. Johnson testified that he had received disability benefits checks in 1970, but that those benefits were discontinued in 1974 or 1975 after he visited an SSA Field Office and advised them that he had returned to work. Johnson also testified that he did not remember receiving a notice of overpayment in the 1970s. Johnson demanded to see proof of the overpayments. The ALJ ruled that Johnson had received $4,535.90 in overpayments and that Johnson was liable to the SSA for that full amount. Johnson requested review of the ALJ's decision, but the Appeals Council denied the request in September 2013 such that the ALJ's determination became the final administrative decision of Johnson's claim.

In December 2013, Johnson filed the present action in the district court, seeking review of the ALJ's decision. Upon review of the parties' cross-motions for summary judgment, the magistrate judge issued his Report and Recommendation, which recommended that the matter "be remanded to the Commissioner for a determination, supported by substantial evidence, of the amount of overpayments that were made to [Johnson]." The district court

adopted the Report and Recommendation and ordered that Johnson's case be "remanded to the Commissioner for further proceedings consistent with the Court's opinion." Johnson then filed a motion for relief from that order, requesting that the district court specify whether it was affirming, modifying, or reversing the Commissioner's decision. The district court granted the motion and clarified that it was affirming the Commissioner's determination that Johnson received overpayments of disability benefits but was reversing the Commissioner's determination as to the amount of benefits overpaid and remanding to allow the Commissioner to make a determination as to the amount of benefits overpaid, this time supported by substantial evidence. Johnson timely appealed.

Johnson argues, among other things, that the ALJ's determination that he received overpayments of disability benefits was not supported by substantial evidence because the SSA failed to provide any proof that he received such overpayments.[1] "We review *de novo* the district court's grant of summary judgment, applying the same standard that the district court applied." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015). Our review of the Commissioner's decision is limited, as is the district court's review, under 42 U.S.C. § 405(g) to two inquiries: "(1) whether substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards." *Id.*

We agree with the district court that substantial evidence did not support the Commissioner's determination of the specific amount ($4,535.90) of overpayments. However, we also do not find substantial evidence in the record to justify the district court's affirmance of the Commissioner's decision

---

[1] Johnson's appellate brief states that he has "not received any checks [to] which I was not entitled" and that "[t]he Administration has offered no evidence to establish that I received any checks that I was ineligible for."

that Johnson did in fact receive overpayments of disability benefits, and the Report and Recommendation does not provide a basis for that determination. Indeed, the Report and Recommendation expressly states that "[v]iewed in its totality, the record provides some support, albeit minimal, of the fact of overpayments to [Johnson]."  "Some" "minimal" evidence is less than the requisite "substantial" evidence.  *See Morgan*, 803 F.3d 773, 776.  The adopted Report & Recommendation states that the evidence supplied by the SSA

> do[es] not demonstrate [Johnson's] actual receipt of DIB in . . . any of the  . . . months for which the Commissioner sought recovery of overpayment.  Absent from the record is anything in the nature of bank account information showing [Johnson] as payee and reflecting the direct deposit of payments to him or records evidencing the actual issuance of checks for all of the twenty-one months that overpayments were allegedly made, much less evidence of [Johnson] actually having negotiated the checks.

Where there is insufficient evidence to support the Commissioner's ruling, we may decline to remand the matter back to the Commissioner for further findings.  42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").  Section 405(g) allows a federal court to "order additional evidence to be taken before the Commissioner . . . *only* upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g) (emphasis added).  The SSA has made no such showing.  *See Jones v. Astrue*, 228 F. App'x 403, 406–07 (5th Cir. 2007) (holding that a remand pursuant to § 405(g) is not appropriate when no new evidence was presented to the district court); *see also Hunter v. Astrue*, 283 F. App'x 261, 262 (5th Cir. 2008) (stating that "new" evidence under § 405(g) is evidence that

was "not in existence at the time of the administrative and district court proceedings").

Because substantial evidence does not support the Commissioner's determination that Johnson received the alleged overpayments, and because the SSA does not provide any new evidence of the alleged overpayments, we REVERSE the district court's affirmance and hold that no remand to the Commissioner is needed.