# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2016

Lyle W. Cayce
Clerk

CHERYL A. HOLLAND,

  Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

  Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2964

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cheryl Holland appeals the district court's order affirming a determination made by the Commissioner of the Social Security Administration that she is not entitled to disability benefits. "Our review of the Commissioner's decision, like the district court's review, is limited . . . to two inquiries: (1) whether substantial evidence of record supports the decision;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11133

and (2) whether the decision comports with proper legal standards." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015). To be eligible for social security disability benefits, one must not be able "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). This determination is made through review of a sequential, five-step inquiry. Those five steps are: 1) Is the claimant currently working? 2) If no, does she have a severe impairment? 3) If yes, does the impairment meet or equal an impairment listed in the regulations? 4) If no, does the impairment prevent her from performing her past relevant work? and 5) If yes, does the impairment prevent her from doing any other work? 20 C.F.R. § 404.1520(a)(4)(i)-(v). A claimant's failure to meet even a single step terminates the inquiry and results in a finding of no disability. *Id.* § 404.1520(a)(4).

The Commissioner concluded that Holland's application failed at the fourth step of the inquiry because Holland had the functional capacity to perform her past relevant work as defined by the Dictionary of Occupational Titles. Our thorough review of the briefs, record, and applicable law confirms that there is substantial evidence in the record to support the Commissioner's rejection of Holland's application on those grounds. *See Leggett v. Chater*, 67 F.3d 558 (5th Cir. 1995).

The order of the district court is AFFIRMED.