# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2021

Lyle W. Cayce
Clerk

No. 21-50455
Summary Calendar

Larry E. Webster, Jr.,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, Acting Commissioner of Social
Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-98

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant filed this pro se appeal of the district court's order affirming the Administrative Law Judge's ("ALJ") final administrative

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50455

decision denying his claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). We AFFIRM.

## I. Background

On October 5, 2016, Plaintiff-Appellant Larry E. Webster, Jr. protectively filed an application for disability insurance benefits under Title II of the Social Security Act. He alleged that he became disabled on March 8, 2016, due to a "broken back," "upper extremities," neck, lung, leg, and breathing problems. The Social Security Commissioner denied Webster's application initially and on reconsideration. Webster requested a hearing before an ALJ. On June 26, 2018, the ALJ held an administrative hearing and evaluated Webster's claim using a five-step sequential process.[1] The ALJ concluded that Webster was not disabled within the meaning of the Act.

At step one of the sequential process, the ALJ found that Webster had not engaged in substantial gainful activity since March 8, 2016, the alleged disability onset date. At step two, the ALJ determined that Webster's mild lumbar and cervical degenerative disc disease, minimal thoracic degenerative disc disease, persistent somatic symptom disorder with predominant pain, conversion disorder with speech symptoms, and adjustment disorder with

---

[1] The ALJ uses a sequential five-step process to evaluate whether the claimant is disabled under the Act. The ALJ determines whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is unable to do the kind of work she did in the past; and (5) can perform any other type of work. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof at Steps 1 through 4. If the claimant is found too impaired to perform her past work at Step 4, the burden shifts to the Commissioner at Step 5 to produce "evidence about the existence of work in the national economy." *See* 20 C.F.R. § 404.1512(b)(3). "If the Commissioner identifies such employment, the burden shifts back to the claimant to prove that she could not perform the alternative work identified." *Morgan v. Colvin*, 803 F.3d 773, 776 n.1 (5th Cir. 2015) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).

No. 21-50455

depressive symptoms constituted severe impairments. At step three, the ALJ concluded that Webster's impairments, or combination of impairments, did not satisfy or medically equate to a listed impairment for presumptive disability.

Before the fourth step, the ALJ was required to assess Webster's residual function capacity ("RFC").[2] A person's RFC is his ability to perform physical and mental work activities on a sustained basis despite limitations from his impairments.[3] Work activities are classified as sedentary, light, medium, heavy, or very heavy. At step four, the ALJ found that Webster retained the RFC for light work as defined under 20 C.F.R. § 404.1567(b). In making this determination, the ALJ specified that he:

> can lift and/or carry twenty pounds occasionally and ten pounds frequently; can stand and/or walk six hours in an eight-hour workday and sit for six hours in an eight-hour workday; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, and respond appropriately to changes in a routine work setting; and should have no interaction with the public and no more than occasional interaction with coworkers and supervisors.

---

[2] *See* 20 C.F.R. § 404.1520(a)(4)(iv), (e).

[3] 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations.").

At the fifth and final step, the ALJ considers the individual's RFC, age, education, and work experience to determine if he can transition to other work.[4] If so, the individual is not disabled. After consulting with a vocational expert, the ALJ determined that even though Webster could no longer perform any of his past work, he could still perform other jobs that fell into the light work category. The ALJ ultimately concluded that Webster was not disabled at any time from March 8, 2016 through October 5, 2016. The Appeals Council denied Webster's request for review on November 13, 2019.

On January 24, 2020, Webster appealed the ALJ's decision. While his appeal was pending, Webster subsequently filed five motions for default judgment. He also filed two motions for recusal on the grounds that the district court improperly granted the Commissioner an extension to file his answer. The district court denied all of Webster's motions and affirmed the final decision of the ALJ.

On appeal, Webster argues that: (1) the district court abused its discretion when it denied his five motions for default judgment, (2) substantial evidence does not support the ALJ's RFC determination, (3) the Commissioner failed to timely adjudicate Webster's claim, and (4) the Commissioner engaged in fraud.

## II. Standard of Review

We apply the abuse of discretion standard when reviewing a district court's denial of a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Our review of the ALJ's denial of disability benefits is limited to determining (1) whether the decision is supported by substantial evidence in the record and (2) whether the proper legal standards were used in evaluating

---

[4] 20 C.F.R. § 404.1520(a)(4)(v).

the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1021–22. Under the substantial evidence standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). We review the entire record to determine if such evidence is present, but "may neither reweigh the evidence in the record nor substitute our judgment for the [ALJ's]." *Villa*, 895 F.2d at 1022. A finding of "no substantial evidence" will be made "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## III. Discussion

### A. *Webster's motions for default judgment*

Webster argues that the magistrate judge "overlooked" his filing of a summons and complaint as well as the fact that the Commissioner "had no response" and then filed an answer after the deadline. We disagree.

A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When a plaintiff fails to properly serve process on a defendant, the district court lacks personal jurisdiction over the defendant and any default judgment would be void. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

Here, the district court denied Webster's first motion for default judgment because Webster had not effected service on the Commissioner. The district court denied Webster's second motion for default judgment because it was filed before the expiration of the Commissioner's sixty-day deadline for filing an answer. On July 17, 2020, as permitted under Federal

Rule of Civil Procedure 6(b), the district court granted the Commissioner's motion for extension of time to file his answer, setting a new deadline of September 15, 2020. In the meantime, Webster filed two motions for recusal, which the district court denied. The Commissioner filed his answer on September 2, 2020. Webster subsequently filed three motions for default judgment, all of which were denied because no default occurred.

The district court properly denied Webster's motions for default judgment because the Commissioner filed his answer within the time required. Further, under these circumstances, Webster would likely not have been entitled to a default judgment even if default had occurred. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) ("A party is not entitled to a default judgment as a matter of right . . . ."). For these reasons, we hold that the district court did not abuse its discretion in denying Webster's motions for default judgment.

### B. *ALJ's RFC determination*

Although not entirely clear from his brief, Webster appears to argue that the ALJ's RFC determination is not supported by substantial evidence. He complains that the magistrate judge failed to address the opinions of several specialists and the severity of his injuries. He specifically names Dr. Stephen Gist, Dr. Shamonica Trunell, Dr. Susan Frensley, Dr. Richard Brunn, Dr. Calvin Bradley, Dr. Martin Solomon, and Dr. Jesse Cover as doctors whose findings were "overlooked" by the magistrate judge and the Commissioner. He also takes issue with the findings of Dr. Murray Duren, Dr. John Sacha, and Dr. John Burris. We are not persuaded by Webster's arguments.

Under the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

No. 21-50455

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether there is substantial evidence of disability, we weigh four elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

The record demonstrates that the district court appropriately considered the findings of Webster's doctors. First, the district court properly determined Dr. Gist's report was immaterial to the case because it was issued in March 2019, a month past the relevant time period. Second, Dr. Trunell's report similarly concerned a time frame outside of the adjudicated period and had not been issued at the time the ALJ rendered her decision. Third, although the district court did not reference Dr. Frensley, it affirmed the ALJ's decision, which assigned "great weight" to Dr. Frensley's opinion and determined that Webster could perform semiskilled work due to his average intelligence, good academic ability and concentration, and excellent memory.[5] Fourth, as she was permitted to do, the ALJ accorded "some weight" to the opinion of consultative examiner Dr. Brunn and "little weight" to the opinions of Dr. Bradley and Dr. Cover on the grounds that their opinions were inconsistent with record evidence. *See Martinez*, 64 F.3d at 176 ("[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."). Fifth, the district court concluded that the ALJ did not err in her review of Dr. Solomon's assessment. Finally, as to the findings of doctors Duren, Burris,

---

[5] The ALJ's consideration of Dr. Frensley's opinion is further evidenced by her determination that Webster should have no interactions with the public and only limited interaction with coworkers and supervisors.

and Sacha, the district court found that the ALJ's determinations were "based on enough relevant evidence that a reasonable mind would accept the evidence as adequate to support the decision." Accordingly, we hold that substantial evidence supports the ALJ's evaluation of the findings of the various doctors and specialists.

### C. *Commissioner's timely adjudication*

Webster claims that the Commissioner violated *Heckler v. Day* by failing to adjudicate his claim within a specified time frame. This argument has no merit. There is no statute or case law that requires the Commissioner to resolve a social security claim within a certain number of days. *See Heckler v. Day,* 467 U.S. 104, 119 (1984) ("[I]t it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims."); *see also Jimenez v. Halter*, No. 00-50366, 2001 WL 300646, at *1 (5th Cir. Feb. 28, 2001) ("There are no deadlines for resolving Social Security cases.").

### D. *Fraud argument*

Finally, Webster argues that the Commissioner engaged in fraud by relying on a false and misleading Maximum Medical Improvement report by Dr. Burris when Dr. Solomon had already conducted an impairment rating on two occasions. Because this issue is inadequately briefed, however, we will not consider it. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.").

In sum, we hold the ALJ's decision is supported by substantial evidence, and proper legal standards were used in evaluating that evidence.

### IV. Conclusion

For the foregoing reasons, we AFFIRM the order of the district court.