# United States Court of Appeals for the Fifth Circuit

No. 22-30384
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2023

Lyle W. Cayce
Clerk

MARK REDDIN,

*Plaintiff—Appellant*,

*versus*

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL
SECURITY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:20-CV-908

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Plaintiff-Appellant Mark Reddin brought this action to obtain judicial review of the Commissioner of Social Security's decision that Reddin is not entitled to disability insurance benefits or supplemental social security income. On appeal, Reddin contends that the district court, in affirming the Commissioner's decision, (1) erred by finding that Reddin did not meet the

---

* This decision is not designated for publication. *See* 5TH CIR. R. 47.5.

listing of medical impairments under 20 C.F.R. Pt. 404; and (2) erred by relying on consultative examination findings rather than treating physician records. For the following reasons, we AFFIRM the Commissioner's final administrative decision.

## I. Factual and Procedural Background

Before considering the merits of Reddin's claims, we review the factual and procedural history of this case. On August 10, 2018, Reddin filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of June 21, 2018. In his applications, Reddin alleged that he suffers from depression and post-traumatic stress disorder ("PTSD") due to his military service, which has allegedly made it difficult to hold gainful employment.

After initially denying Reddin's applications, the ALJ held an administrative hearing on October 9, 2019, at which Reddin, his attorney, and a vocational expert (VE) appeared. At the time of the hearing, Reddin was thirty-seven years old, possessed at least a high school education, and had previously worked as a short order cook and an electrician. Reddin testified that he found it difficult to work because he was often uncomfortable around other people and because his mind frequently wandered. Reddin further testified that he tends to keep to himself out of concern for possibly hurting someone or getting triggered. Reddin admitted that he previously struggled with addictions to alcohol and various drugs and had been treated at different Veterans' Affairs ("VA") hospitals for suicidal ideation. Reddin testified that after one of these visits, he was diagnosed with severe major depressive disorder with psychotic features. Reddin asserted that he can handle all activities associated with living independently, however.

On October 29, 2019, the ALJ issued a decision that concluded that Reddin was not disabled. The ALJ held that although Reddin "has severe

No. 22-30384

impairments, they are not as limiting as he has alleged," and he is therefore able to hold gainful employment. Reddin requested a review of the ALJ's opinion by the Appeals Council, but the Appeals Council denied this request on May 22, 2020. Therefore, the ALJ's October 29, 2019 decision is the Commissioner's final administrative decision for the purposes of judicial review. Soon after, Reddin brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in the U.S. District Court for the Western District of Louisiana. The magistrate judge issued a Report and Recommendation advising dismissal on May 4, 2022, which the district court judge adopted. Reddin timely appealed.

## II. Law and Analysis

We review the district court's decision de novo, and our review of the Commissioner's decision is limited to "(1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard."[1] Substantial evidence is "more than a mere scintilla and less than a preponderance,"[2] and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] In applying this standard, we may not "re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision."[4]

---

[1] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

[2] *Id*. (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

[3] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[4] *Masterson*, 309 F.3d at 272.

No. 22-30384

A claimant is "disabled" under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[5] A claimant has the burden of proving that he suffered from a disability during the relevant time period.[6] The Commissioner employs a five-step process to determine if a claimant was disabled during the relevant time period: (1) whether the claimant performed substantial gainful activity; (2) whether the claimant had a severe impairment; (3) whether the impairment meets or equals an impairment listed in the relevant regulations; (4) whether the impairment prevented the claimant from doing past relevant work; and (5) whether the impairment prevented the claimant from performing any other substantial gainful activity.[7] If at any step the Commissioner determines that the claimant was not disabled, the inquiry ends.[8]

At step one of the disability inquiry, the ALJ determined that Reddin had not engaged in substantial gainful activity since his alleged onset date of June 21, 2018. Under step two, the ALJ found that Reddin suffered from the severe impairments of personality disorder, major depressive disorder, polysubstance abuse, and carpal tunnel syndrome. Under step three, however, the ALJ concluded that Reddin did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. The ALJ

---

[5] 42 U.S.C. § 423(d)(1)(A).

[6] *Perez*, 415 F.3d at 461.

[7] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[8] *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015).

4

found that Reddin retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with two exceptions: Reddin was limited to jobs that require only occasional interaction with the public and to jobs in which the ability to feel texture is unnecessary.

With regard to step four, the ALJ determined that Reddin's impairments prevented him from performing his past positions as a cook and electrician. In applying step five, the ALJ looked to the Medical-Vocational Guidelines, which is a framework that directs a finding of "disabled" or "not disabled" depending on the claimant's vocational profile.[9] The ALJ considered testimony from the vocational expert, who found that Reddin was able to perform the occupations of "Cleaner, Housekeeping," "Marker," and "Linen Room Attendant." The ALJ also took into account Reddin's age, level of education, past work experience, and RFC. The ALJ ultimately concluded that Reddin's impairments do not prevent him from performing "jobs that exist in significant numbers in the national economy."

Reddin disputes the ALJ's (and thus the Commissioner's) findings regarding steps three and five. Reddin contends that the ALJ erred in finding that Reddin's characteristics do not satisfy the listing in 20 C.F.R. Pt. 404, Subpart P, Appendix 1, because he was "factually found by the ALJ to have a severe mental illness." Reddin asserts that this finding "carries with it the implication" that Reddin "meet[s] or equal[s] a listing under 12.04" of Appendix 1. Reddin claims that the ALJ ignored the discharge summaries from time spent at the V.A. Medical Centers in Louisiana and Colorado in

---

[9] 20 C.F.R. § Pt. 404, Subpt. P, App'x 2.

No. 22-30384

2018. Citing the unpublished case *Hernandez v. Berryhill*,[10] Reddin asserts that the ALJ cannot rule a certain way on one step and then the other way on another step.

We are unpersuaded by Reddin's arguments. First, it appears that Reddin has conflated steps two and three of the relevant inquiry. Step two of the inquiry analyzes whether a claimant has a severe impairment, while step three determines whether that impairment meets or equals one of the listed impairments in in 20 C.F.R. Pt. 404, Subpart P, Appendix 1.[11] *Hernandez* does not stand for the notion that the finding of a "severe" impairment means that the impairment satisfies step three.[12] Instead, *Hernandez* states that if an ALJ finds that an impairment is severe, the ALJ should provide "some explanation" as to "why such a severe impairment would not have had any limitation on plaintiff's ability" to work.[13] We have previously held that "the suffering of some impairment does not establish disability; a claimant is disabled only if she is 'incapable of engaging in *any* substantial gainful activity.'"[14] To satisfy step three, a claimant must meet *all* of the specified medical criteria in the C.F.R. Pt. 404, Subpart P, Appendix 1 listing.[15]

---

[10] No. 3:16-CV-2561-C (BF), 2017 WL 3447862, at *1 (N.D. Tex. June 20, 2017), *report and recommendation adopted*, No. 3:16-CV-2561-C (BF), 2017 WL 3425723 (N.D. Tex. Aug. 9, 2017).

[11] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[12] 2017 WL 3447862, at *5; *see also Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992).

[13] *Id.* at *5.

[14] *Id.* (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

[15] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Second, the ALJ (and thus the Commissioner's) findings regarding Reddin's disability status are supported by substantial evidence. It is clear from the final administrative opinion that the ALJ considered Reddin's inpatient treatments at the VA Medical Centers in July and August 2018. The ALJ also considered Reddin's counseling sessions with a social worker after those visits. However, the ALJ pointed out that Reddin's severe impairments were not as limiting as alleged, especially because they improved when Reddin followed the treatment plans from his medical providers. As the district court pointed out, the ALJ concluded that Reddin was able to account for his severe impairments within his RFC.

## III. Conclusion

The Commissioner applied the correct legal standard in evaluating Reddin's claim for disability benefits, and the final administrative decision is supported by substantial evidence. We therefore AFFIRM.