**Janie FOSTER, Plaintiff–Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

**No. 10–40609**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 10, 2011.

Julie Lee Glover, Esq., Coats & Todd, Richardson, TX, for Plaintiff–Appellant.

James Alfred Garrett, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel Region VI, Dallas, TX, for Defendant–Appellee.

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM: *

James Foster[1] appeals the district court's judgment affirming the Social Security Administration's denial of his application for benefits under Titles II and XVI of the Social Security Act. We affirm.

## I. Background

Mr. Foster fell approximately 30 feet while working at his job on March 31, 2005. He attempted two weeks of rehabilitation but could not return to his position due to pain. He received Worker's Compensation until at least November 8, 2007. In addition to the back injury, Mr. Foster reported psychological ailments dating from his time as a military policeman. These included post-traumatic stress disorder and bipolar disorder. Both his physical and psychological conditions formed the basis of Mr. Foster's claim for benefits under the Social Security Act.

Between the time of his injury and the administrative denial of his claims on December 15, 2007, Mr. Foster sought treatment from a host of physicians and other care providers. One of these clinicians is especially relevant to the current litigation. Dr. Huntly Chapman treated Mr. Foster's back injury between June 21, 2006, and April 17, 2007. He submitted a document entitled "Cervical Spine Residual Functional Capacity Questionnaire" on October 31, 2007. The administrative hearing had already occurred three weeks prior, on

October 10, 2007. Following that hearing, the ALJ issued a finding that Mr. Foster was not disabled and could work in at least two of his former occupations as a telemarketer and customer service supervisor. Foster appealed first to the Appeals Council and then to the district court. Each of these reviews affirmed the ALJ's original conclusion.

## II. Standard of Review

This court reviews whether the ALJ and Appeals Council ("the Agency") applied the correct law and had "substantial evidence" to support its conclusion. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994). The statutory requirement of "substantial evidence," 42 U.S.C. § 405(g), means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotations omitted).

## III. Discussion

On appeal, Foster challenges the Agency's finding of residual functional capacity (RFC), alleging that the finding was contrary to the opinion of a treating physician and therefore against the weight of substantial evidence. Foster also argues that the ALJ erred in finding that Mr. Foster did not suffer from a debilitating mental impairment.

The opinion of a treating physician generally deserves "considerable weight in determining disability." *Perez v. Barnhart*, 415 F.3d 457, 465–66 (5th Cir.2005). The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Mr. Foster died on April 10, 2009. The district court allowed his wife to pursue this lawsuit as a substitute plaintiff. Where appropriate we will follow the district court's convention of referring to both Mr. and Mrs. Foster by their last name.

general rule ceases to apply, however, when a treating physician's testimony is "brief or conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.* at 466 (emphasis and quotation omitted).

■ In the present case, Dr. Chapman's opinion was not entitled to considerable weight. First, the "questionnaire" format typifies "brief or conclusory" testimony. Second, Dr. Chapman's questionnaire was unique among the many medical opinions in focusing on Mr. Foster's cervical rather than lumbar spine. All of the other doctors to evaluate Mr. Foster since his accident in 2005 discussed harm to his lumbar spine, and the L4 and L5 vertebrae in particular. Even Dr. Chapman's own treatments concentrated on the lumbar spine. A third reason to question Dr. Chapman's report is his reliance on old data. Despite submitting the questionnaire on October 31, 2007, he last treated Mr. Foster on April 17, 2007. Finally, the Agency relied on other physicians—both examining and other treating physicians—to draw conclusions about Mr. Foster's residual functional capacity.

On balance, we agree with the magistrate judge's conclusion that "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations, Dr. Chapman's opinion is given little weight...." We find no error in the Agency's treatment of this evidence.[2]

■ Likewise, substantial evidence supports the ALJ's determination that Mr. Foster was not disabled by virtue of a mental impairment. At least four experts evaluated Mr. Foster's mental condition: Drs. Cox, Ludden, Lankford, and Craig Moore. Dr. Ludden examined Mr. Foster

on February 15, 2007. She concluded that, although he suffered from several psychological conditions, his judgment and demeanor were normal. Dr. Craig Moore, the psychological expert who testified at Mr. Foster's hearing before the ALJ, summed up that Mr. Foster did not display a mental impairment under the Social Security Regulations. Moreover, he told the ALJ that Mr. Foster displayed "very few workplace limitations psychologically." Based on this testimony, more thoroughly recounted in the magistrate judge's decision, and on Foster's concession that his mental problems had subsided with proper medication, we conclude that the Agency had substantial evidence—on both physical and psychological grounds—to conclude that Mr. Foster was not disabled.

### IV. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

2. The Appeals Council was entitled to and did properly consider Dr. Chapman's late-filed questionnaire. *Higginbotham v. Barnhart,* 405 F.3d 332, 337–38 (5th Cir.2005).