# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2021

Lyle W. Cayce
Clerk

No. 20-61103

James Hollinger, Jr.,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CV-220

Before Smith, Stewart, and Willett, *Circuit Judges*.
Per Curiam:[*]

James Hollinger Jr. applied for social security disability benefits, but an administrative law judge found that Hollinger was not disabled. The Appeals Council vacated this decision, remanding the case for the ALJ to consider and assign weight to two opinions from Hollinger's nurse practitioner, Vickie Turnage. The ALJ again found that Hollinger was not

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61103

disabled. Hollinger unsuccessfully sought relief from the Appeals Council, and a magistrate judge affirmed the ALJ's second decision. Hollinger appealed.

Judicial review of the Commissioner's final administrative decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotation marks omitted); *see also, e.g.*, *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) ("The agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal quotation marks and citations omitted)). This, of course, recognizes that the presiding ALJ "has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157 (commenting on underlying deference).

On this backdrop, Hollinger seeks review of (1) whether the ALJ incorporated Hollinger's mental-health restrictions into the residual functioning capacity (RFC) assessment, (2) whether the ALJ properly assigned weight to the medical experts' testimony, and (3) whether the ALJ was required to make a separate finding that Hollinger could maintain employment on a regular and continuing basis. We answer all but the final question in the affirmative and, as explained below, AFFIRM.

First, the record demonstrates that the ALJ appropriately incorporated Hollinger's mental-health restrictions into the RFC. As the RFC observes:

> The claimant can understand, remember, and carry out simple instructions and perform simple repetitive tasks. He can

No. 20-61103

> maintain attention and concentration for two[-]hour periods in an eight[-]hour day. The claimant can have occasional non-confrontational interaction with supervisors, rare incidental contact with coworkers with no work requiring close cooperation, and never with the general public.

This summary of Hollinger's capacity finds ample support in the record. Yet Hollinger argues the ALJ only focused on evidence that reinforced the conclusion that Hollinger was not disabled and could do light work. We disagree. There is a line between cherry-picking and resolving conflicting evidence, and we decline the invitation to blur that boundary. *Compare Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993) (endorsing rejection of treating physician's opinion where inconsistent with substantial evidence), *with Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984) (reversing where denial rested on excerpts of an uncontradicted medical report that, in full, revealed severe impairments).

Neither can we conclude the ALJ erred in discharging his duty to weigh the evidence received. This court has long held that "[t]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *See, e.g.*, *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citation and internal quotation marks omitted). Here, the ALJ identified and

No. 20-61103

resolved various conflicts against Hollinger.[1] Hollinger's discontent, though understandable, does not mean that "any reasonable adjudicator would be compelled to conclude to the contrary." *See Nasrallah*, 140 S. Ct. at 1692.

Finally, the ALJ was not required to make a finding on Hollinger's ability to maintain employment. Our holding in *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986), does "not require . . . separate findings on 'obtaining' and 'maintaining' a job in every case." *Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003). Instead, *Singletary* findings are appropriate where there is "a situation which, by its nature, the claimant's [impairment] waxes and wanes in its . . . disabling symptoms." *Id.* at 619, 621 (emphasizing "cases in which a person could work for short periods, but could not hold a job"). This case presents no such scenario. The stable nature of Hollinger's limitations, which have persisted for years,[2] renders *Singletary* of no moment.

We conclude by emphasizing that our "limited role . . . under 42 U.S.C. § 405(g) is . . . not to reweigh the evidence, . . . try the issues de novo, or substitute the judgment of the court for that of the [Commissioner]."

---

[1] Three conflicts bear emphasis. First, the ALJ concluded Dr. Whelan's "findings regarding . . . work stresses [were] inconsistent with his own findings"—namely, that Hollinger had "'good' to 'fair' abilities in every other functional area." Second, the ALJ concluded Dr. Whelan's opinion contradicted that of Dr. Buck, who indicated Hollinger was "fairly able to respond appropriately to coworkers and supervisors in a work environment, but with significant anxiety." Third, Turnage's January 2017 statements—even assuming they were initially due more weight, *but see Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (limiting weight of opinion in brief, conclusory questionnaire); 20 C.F.R. §§ 404.1502(a)(1)(7) (acceptable medical sources), .1527(f) (weight due); *id.* at §§ 416.902(a)(1)(7) (acceptable medical sources), .927(f) (weight due)—conflicted with Hollinger's indication and Dr. Saul's conclusion that Hollinger had no limitations in memory or understanding.

[2] We also note that Hollinger has exhibited many of his limitations since 1990 and still held a semi-skilled, full-time job from 1997 to 2009. This further supports the ALJ's conclusion that Hollinger could undertake a new line of unskilled, light work. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (similar situation).

No. 20-61103

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *accord Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) ("Conflicts in the evidence are . . . not [for] courts to resolve." (citation omitted)). We look instead to whether "a reasonable mind would support the [ALJ's] conclusion." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (citation omitted). Viewed through this lens, we AFFIRM.